### ARTHUR TERRY vs. THE CITY OF HARTFORD.

A street was laid out by the city of Hartford wholly on land of A, leaving only very narrow strips on each side of the street, which would not be benefitted by the laying out of the street unless the adjoining land, owned by other parties, . could be annexed to it by purchase or sale, and such adjoining land on one side could not be sold until the death of several *cestuis que trust.* By the city charter damages were to be assessed in the laying out of streets separately from benefits. The city authorities assessed in *A's* favor $8000 damages for his land actually taken and $4,000 for damage to the land left, and assessed against him $4,200 (afterwards reduced on appeal) for benefits to the land so left. Held that there was nothing in the mode of assessing the benefits, nor in the situation of the land, to make the assessment illegal.

APPEAL from an assessment of benefits from the laying out of a public street through the land of the appellant ; taken under the provisions of the city charter to Judge *Sanford*, of the Superior Court. The following facts were found by a committee.

The street in question, called Gillett street, was laid · out from Niles street north to Asylum avenue, entirely through land of the appellant, leaving only a narrow strip on each. side of the street, that on the east side being 512 feet in length, and forty feet in width on Asylum avenue and two feet on Niles street, and that on the west side being 518 feet in length and ten feet wide on Asylum Avenue and forty-eight feet on Niles street, a building line being established on each side of the street, twenty-five feet from the street line. The city authorities assessed his entire damages by themselves

at $12,000, and his benefits by themselves at $4,200—of which latter sum $2,070.70 was for benefits on the east side of the street, and $2,129.30 for benefits on the west side. By the city ordinance damages and benefits were to be separately assessed. Of the $12,000 allowed for damages $8,000 was for the land taken for the street, and $4,000 for the injury to the land of the appellant left on each side of the street, considered separately from the benefit. It was found that the lands of the appellant remaining on each side of the street were not benefited by the laying out of the street unless they could be used in connection with the lands of other owners lying in the rear of the same, and that the land adjoining the east strip of the appellant's land was held by trustees for the benefit of four persons now living, a father and mother and two daughters, and could not be sold until after the death of all the *cestuis que trust.* These adjoining lands on the east and west sides were also assessed for the benefits received from the laying out of the street. It was found by the committee that the benefit to the appellant's land on the west side of the street was properly estimated by the city authorities at the sum of $2,129.30, but that a fair estimate of the benefits on the east side was $1,500,—making $3,629.30 as the whole estimate of the appellant's benefits, and as his proportional share of the whole expense of the improvement. The judge accepted the report of the committee and rendered judgment for the city to recover of the appellant the last mentioned amount.

The appellant filed a motion in error and brought the record before this court for revision. The principal errors assigned were that benefits could not be assessed upon the land left to the appellant after it had been decided by the authorities that the land was damaged and the damages assessed; and that the situation of the land, rendering the laying out of the street of no benefit to it unless the adjoining land should be annexed to it by purchase or sale, some of which could not be sold for many years, rendered the assessment of benefits illegal.

*Goodman,* for the plaintiff in error, cited *Nichols* v. *City of*

*Bridgeport*, 23 Conn., 189; *Trinity College* v. *City of Hartford*, 32 id., 452; *Sidener* v. *Essex*, 22 Ind., 201; *Dalrymple* v. *Town of Whitingham*, 26 Verm., 345; Angell on Highways, §§ 106, 167; *Dickinson* v. *Inhabitants of Fitchburg*, 13 Gray, 546.; *Old Colony R. R. Co.* v. *County of Plymouth*, 14 id., 155; *First Church in Boston* v. *City of Boston*, id., 214; *Boston & Maine R. R. Co.* v. *County of Middlesex*, 1 Allen, 324; *Petition of Mt. Washington Road Co.*, 5 N. Hamp., 134; *The People* v. *Village of Yonkers*, 39 Barb., 266; *Clark* v. *Town of Saybrook*, 21 Conn., 313; *Nicholson* v. *New York & New Haven R. R. Co.*, 22 id., 74.

*Cole*, for the defendant in error, cited *Nichols* v. *City of Bridgeport*, 23 Conn., 189; *Livingston* v. *Mayor &c. of N. York*, 8 Wend., 85, 101; *The People* v. *City of Brooklyn*, 4 Comst., 419, 435; *The People* v. *City of Brooklyn*, 23 Barb., 166; *The People* v. *Village of Yonkers*, 39 id., 266; *Hoyt* v. *City of Saginaw*, 19 Mich., 39; *Dorgan* v. *City of Boston*, 12 Allen, 223, 233; *Clapp* v. *City of Hartford*, 35 Conn., 66.

PARK, J.   We discover no errors. of law in this record. The questions discussed on the trial are mainly questions of fact.   It is claimed that a land-owner through whose property a highway is laid out cannot be assessed for special benefits if damages are allowed him ; that he cannot be both benefited and damaged at the same time in relation to the same property ; that where the benefit to the land is equal to the value of the land taken, the land owner cannot be said to be damaged at all.   This is true as a result.   If *A* and *B* have running accounts against each other on book, and they are desirous to know which is indebted to the other, on the balance of accounts, the fact is to be determined by casting up the account of each against the other ; ascertaining how much *A* is indebted to *B* by *B's* account, and in like manner how much *B* is indebted to *A* by *A's* account, when the object of the investigation will be accomplished by subtracting the one amount from the other.   Should it be discovered that the amount of both is exactly the same, it is true that it could not be said as a result that either was indebted to the other.

Although this would be true as a result, still it would be equally true that each was indebted to the other if the account of either was alone considered. Suppose in such a case an auditor should report that A was indebted to B on book in the sum of one thousand dollars, and that B was indebted to A on book to the same amount, would the court have any difficulty in understanding the report and in deciding the cause? So here, no matter whether the damages exceed the benefit, or the benefit exceeds the damages, whatever course may be taken to ascertain what effect the laying out of the street had upon the appellant's land, the injury must be considered by itself, and must be treated and called, as it is called, damages; and the special benefit to the land by an increase of its value in consequence of the laying out of the street, must likewise be considered by itself, and must be treated and called, as it is called, benefits; and more especially must this be true if one set of triers is sent out to ascertain and report how much injury is caused to the land by the laying out of the street, and another to ascertain how great will be the benefit to the land when the street shall be constructed. These two different investigations have nothing in common. They are wholly independent of each other. The one deals with loss, and the other with gain. There is nothing therefore in the fact that the appellant was allowed damages for the incumbrance imposed upon his land by the laying out of the street. The charter of the city requires that the damages should be ascertained independently of the benefits, and it is not to be supposed that the benefits were taken into consideration in ascertaining their amount, but on the contrary, the case finds expressly that the damages allowed are the entire damages. They make up the sum total of the injury to the land in consequence of this highway; and whether it can properly be said that the land was injured to that extent when a large amount of benefit was at the same time conferred upon the land, is of no importance so long as the action of the city authorities is easily and unmistakably understood. If it be said that under the charter of the city there are no benefits to be assessed unless the benefits exceed the damages, the recent case of *Trinity Col-*

*lege* v. *The City of Hartford*, 32 Conn., 452, decides the contrary, and settles the question.

Again, it is said that the case finds that the lands of the appellant are not benefited by the laying out of this street unless they can be used in connection with the lands of the adjoining owners, and that therefore, whatever might be his benefit in fact arising from such annexation, it is not the subject of assessment.

This raises another question of fact, whether, all things considered in connection with this land that have a tendency to increase or diminish its value in consequence of the opening of this street, it is on the whole benefited or not; and if benefited, to what extent. No doubt the fact upon which the appellant relies in this part of the case, is an important one to be considered in determining whether the property was benefited or not; and we may presume that its importance was duly considered by the triers. But when we consider that here is land that would be benefited to an amount of more than thirty-six hundred dollars by the laying out of this street, should the annexation be made, and the land adjoining would likewise be benefited to a large amount under the like circumstances, and that no benefit would be conferred upon either tract so long as they remain the property of different proprietors, is it reasonable to suppose that there can be any serious obstacle to prevent the one owner from selling and the other from buying, when so great an advantage would result to both from such sale and purchase? A consideration of this character no doubt had its proper effect in the determination of the question whether the land was benefited or not, and the extent of that benefit.

We think there is no error in the judgment complained of.

In this opinion the other judges concurred.