PETER DOLAN, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK et al., Respondents.

An action cannot be maintained to vacate an assessment for a street opening or widening in the city of New York made under the Revised Laws of 1813 (chap. 84, R. L. 1813), because of a failure to publish the resolution authorizing it as required by the charter of 1857 (§§ 7; 37, chap. 446, Laws of 1857), where the report of the commissioners of estimate and assessment has been confirmed by the Supreme Court, in the absence of an allegation and proof showing want of notice of the proceedings in the Supreme Court.

The confirmation of the report of the commissioners is a judgment and conclusive as to all questions which might have been litigated therein, and an action to set it aside can only be maintained in case of fraud or other circumstances such as would authorize an action to set aside an ordinary judgment.

(Argued June 8, 1875; decided September 21, 1875.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, affirming a judgment in favor of defendant, entered upon an order sustaining a demurrer to plaintiff's complaint. (Reported below, 6 Hun, 506.)

This action was brought to vacate certain assessments. The complaint contained three counts. The first setting

forth proceedings taken under the act of 1813 (chap. 44) for the extension of Worth street, in the city of New York, the appointment of commissioners of estimate and assessment, the making of a report by them and the confirmation thereof by the Supreme Court. The second count set forth similar proceedings for the widening of Laurens street; and the third count for the extension of Church street. By each of the reports, as alleged, an assessment was imposed upon lands of plaintiff. It was further alleged that the reports of the committees on recommending these improvements and the resolutions authorizing them, were not published as required by sections 7 and 37 of the charter of 1857 (chap. 446); that the fact of the non-publication does not appear in the records of the proceedings; that the assessments are due and payable and that the comptroller will proceed to sell; and his lease on sale is made, by statute, presumptive evidence of regularity. The complaint asked an injunction restraining collection, an adjudication declaring the assessment irregular and void, and vacating and cancelling them of record.

Defendants demurred on the ground that the complaint did not set forth facts constituting a cause of action.

*Charles E. Miller* for the appellant. Proceedings for street openings are simply proceedings to acquire title to the lands needed for public use. (*People* v. *Kerr*, 27 N. Y., 188.) Chapter 580 of the Laws of 1872 simply deprives a party of his remedy against an illegal or void assessment until the pretended lien is sought to be enforced by taking his property. (*Lemon* v. *Mayor*, etc., 55 N. Y., 361; *In re Folsom*, 56 id., 66.) If the act of 1872 was intended to reach a case like the one at bar, it would be invalid, as it would affect the right of a citizen to hold his lands unincumbered by any cloud upon his title. (*Crook* v. *Andrews*, 40 N. Y., 550; *Wynehamer* v. *People*, 13 id, 396; 1 Black. Com., 138; 2 Kent's Com., 320, 326; Bouv. L. D., title, Property; *Green* v. *Biddle*, 8 Wheat., 5; Const., art. 6, § 12.)

*William Barnes* for the respondents. The judgment of confirmation in the Supreme Court cannot be attacked collaterally by plaintiff in this suit. (*In re Arnold*, Ct. Appls.; *Embury* v. *Conner*, 3 N. Y., 512; *Moorewood* v. *City of Brooklyn*, 6 How., Pr., 386; *State* v. *Morristown*, 34 N. J. L. R., 445; *In re Comrs. Central Park*, 50 N. Y., 498.) The provisions of section 7, chapter 580, Laws of 1872, deprive plaintiff of the right to any remedy in this action. (*Lemon* v. *Mayor, etc.*, 55 N. Y., 361; *Astor* v. *N. Y.*, [Curtiss, J.].)

Rapallo, J. The complaint shows that the assessments sought to be vacated by this action, were for the extension of Worth street, widening of Laurens street, and the extension of Church street, and alleges that the reports of the commissioners of estimate and assessment in all of these cases, were confirmed by the Supreme Court several years before the commencement of this action.

The ground upon which these assessments are now sought to be set aside is, that the reports of the committees recommending these improvements and the resolutions authorizing them were not published as required by the seventh and thirty-seventh sections of the charter of 1857. We are of opinion that it is too late to raise this question after confirmation of the report of the commissioners of estimate and assessment by the Supreme Court in street cases, under the act of 1813. There is nothing in the complaint showing want of notice to the plaintiff of the proceedings in Supreme Court. That court acquired jurisdiction of the matter by the application of the city for the appointment of commissioners, and all parties interested had an opportunity then to litigate the validity of the resolution ordering the improvement. If no objection to the resolution was raised before the Supreme Court during the pendency of the proceeding, its validity and regularity must be deemed to have been conceded.

It has already been decided by this court that an application cannot be made under chapter 338, of the Laws of 1858, to

vacate an assessment for a street opening or widening under the act of 1813. That decision was placed upon the ground that proceedings for such assessments are conducted before the court and its confirmation of the report of the commissioners is a judgment pronounced on a full hearing of the parties, and conclusive in its character as to all questions litigated or which might have been litigated in the proceeding. (*In re petition of Arnold,* Court of Appeals February 2d, 1875.) The same principle precludes a review of the regularity of such proceedings in an action by the party assessed unless perhaps in case of such fraud or other circumstances as would authorize an action to set aside an ordinary judgment. No such question is here presented.

We are also of opinion, for the reason stated in the opinion of MILLER, J., in the case of *John Jacob Astor* v. *Mayor, etc., of N. Y., et al.* (*post,* p. 580), decided at the present term, that the act of 1872 (§ 7, chap. 280, Laws of 1872), is applicable to this case and that the court below was correct in its conclusion, that that act prohibited the vacating of the assessments for want of publication of the reports and resolutions.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.