WILLIAM KENNEDY et al., Respondents, *v.* THE CITY OF TROY, Appellant.

77  493
130  393

Where assessors for a local improvement adopt the correct legal rule, *i. e.,* that all property benefited must be assessed, an error in determining what property is in fact benefited must be reviewed and corrected by *certiorari* not by suit.

*Clark* v. *Village of Dunkirk* (12 Hun, 182), affirmed in this court (see Mem., 75 N. Y., 612), distinguished.

(Argued May 30, 1879; decided June 10, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This was an equitable action, to restrain the collection of an assessment for a local improvement, *i. e.,* the construction of a sewer in the city of Troy; and to have the said assessment declared void.

Judgment was rendered vacating the assessment and perpetually enjoining and restraining all proceedings for its collection.

The facts appear sufficiently in the opinion.

*R. A. Parmenter*, for appellant. If the assessment was illegal the remedy was by *certiorari*. (*Le Roy* v. *Mayor, etc.*, 20 J. R., 430; *People* v. *Board of Ass'rs*, 39 N. Y., 81; *People* v. *Board of Police*, id., 506; *People* v. *Hillhouse*, 1 Lans., 87; *West. R. R. Co.* v. *Nolan*, 48 N. Y., 513; *Haywood* v. *City of Buffalo*, 14 id., 541.) This action having been brought to review and correct alleged errors of opinion, discretion and judgment by the board of local assessors in matters committed to it by the city charter could not be maintained. (*People* v. *McCrury*, 34 Cal., 43; *Williams* v. *School District*, 21 Pick., 75; *Weeks* v. *Milwaukee*, 10 Wis., 242.)

*Esek Cowen,* for respondents. Plaintiffs had a right to relief in this form of action. (*Le Roy* v. *New York,* 20 J. R., 430; *Freland* v. *Rochester,* 51 Barb., 414; *Langly* v. *Hudson,* 4 T. & C., 353; *Heywood* v. *Buffalo,* 14 N. Y., 534; *Clark* v. *Village of Dunkirk,* 75 id., 612.)

*Per Curiam.* The case of the plaintiffs does not show that a suit in equity to vacate the assessment can be maintained. It does not appear that the assessors went upon a rule wrong in law. They took as a rule, that all property benefited by the making of the sewer, must be assessed for the cost of it. If they erred at all, it was in determining what property was in fact benefited. Such an error is to be reviewed and corrected by *certiorari,* and not by suit. (*Le Roy* v. *The Mayor, etc.,* 20 J. R., 430; S. C., 4 J. C. R., 352; *Western R. R. Co.* v. *Nolan,* 48 N. Y., 513.)

The decision of this court in *Clark* v. *Village of Dunkirk,* 17th December, 1878 (S. C., 12 Hun, 182), has not been understood. There the assessors went upon a rule wrong in law. They held that in getting at the value of lands deemed by them to be benefited, and hence liable to assessment, the value of the buildings was not to be taken into account. Considering that as an error of law, working injury to the plaintiff, this court held that he could maintain his suit in equity to vacate the assessment. It is plain that this case differs from that.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide event.

All concur, ANDREWS, FOLGER and EARL, JJ., concurring in result.

Judgment reversed.