FERDINAND MAYER, Appellant and Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant and Respondent.

Errors and irregularities in assessments for street openings in the city of New York must be corrected and reviewed in the proceedings themselves ; they cannot be reached by a collateral action in equity. An order confirming the assessment has the force and conclusiveness of a judgment.

The provision of the Consolidation Act (§ 897, chap. 410, Laws of 1882), declaring that no suit in equity or otherwise " shall be commenced for the vacation of any assessment in said city," is not limited to any particular class, but applies to every assessment.

The expenses of opening a street were assessed partly upon the property benefited and partly upon the city at large. After the confirmation of the report of the commissioners, in which was included an item for their fees and expenses, the city resisted that claim and succeeded in effecting a settlement by which the item was largely reduced. *Held,* that an owner of property assessed was entitled to maintain an action in equity to compel the application, upon his assessment of a *pro rata* share of the amount saved; but that he was liable to interest from the date of the assessment; this being in no manner affected as a complete and binding adjudication by the allowance, which was simply in the nature of a credit to be applied on a conceded debt.

(Argued December 18, 1885 ; decided January 19, 1886.)

. THESE were cross-appeals from different portions of a judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made January 13, 1883, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 28 Hun, 587.)

This action was brought to compel the reduction of an assessment upon lands of the plaintiff, situate in the city of New York, for the expenses of widening and straightening Broadway in said city.

The material facts are stated in the opinion.

*John C. Shaw* for plaintiff. The commissioners appointed under the acts in relation to opening streets in New York city are entitled to their fees and expenses when earned, without waiting for the confirmation of their report. (*In re Fourth Ave:*, 3 Wend. 452; *Blunt* v. *Mayor, etc.*, 9 Hun, 330 ; *In re Parade Ground*, 60 N. Y. 319 ; *In re Central Park Com'r*, 63 Barb. 282.) This action for equitable relief is not within the prohibition of chapter 312 of the Laws of 1874, which provided that thereafter " no suit or action in the nature of a bill in equity or otherwise shall be commenced for the vacation of any assessment in said city, or to remove a cloud upon title, but owners of property shall hereafter be confined to their remedies in such cases to the proceedings under the act hereby amended." (Laws of 1858, chap. 338 ; *In re Arnold*, 60 N.

Y. 26.) While an equity action can be maintained for relief against an assessment because of matter outside the assessment, it is not in such a case an action to remove a cloud on title or to vacate an assessment; it is an action to restrain the collection of an assessment. (*Eno* v. *Mayor, etc.,* 68 N. Y. 214.) A bill in equity to vacate an assessment must allege some defect, either patent or latent, in the proceedings which resulted in the assessment — some act committed in the course of the proceedings which was contrary to the statutory provisions on the subject. (*Astor* v. *Mayor, etc.,* 62 N. Y. 580; *Nolan* v. *Mayor, etc.,* id. 472; *Strasburgh* v. *Mayor, etc.,* 87 id. 452.) The *quasi* judgment in the case of an assessment when it is confirmed by a judicial tribunal is subject to the same rules of equitable relief as all other judgments. (*Dolan* v. *Mayor, etc.,* 62 N. Y. 472–475; Story's Eq. Jur. [12th ed.], §§ 316, 1572; *Paddock* v. *Palmer,* 19 Vt. 581; De Colyar on Guaranties, 236; *Bonney* v. *Seely,* 2 Wend. 482.) The plaintiff being entitled to a reduction of the principal of the assessment, interest can only be charged from the time when it is ascertained what amount is legally due. (*St. Joseph's Asylum,* 69 N. Y. 353; *In re Pelton,* 85 id. 652; *In re Miller,* 24 Hun, 637; *In re Lowden,* 25 id. 434; affirmed, 89 N. Y. 548.)

*D. J. Dean* for respondent. The confirmation of the commissioners' report by the Supreme Court is a judgment which, remaining unreversed, concludes plaintiff from recovering under the facts alleged and proved. (Laws of 1869, chap. 890; *N. Y. C. R. R. Co.* v. *Marvin,* 1 Kern. 276; *Canal & Walker Sts.,* 2 id. 406; *Bowery Ex. Case,* 2 Abb. 368; *In re Arnold,* 60 N. Y. 26; *In re Com'rs Cent. Park,* 50 id. 493; *Dolan* v. *Mayor, etc.,* 62 id. 472; *King* v. *Mayor, etc.,* 36 id. 182; *Embury* v. *Conner,* 3 id. 512; *Astor* v. *Mayor, etc.,* 62 id. 580; *Mayor, etc.,* v. *Erben,* 38 id. 311; *Dobson* v. *Pearce,* 12 id. 164; *Homer* v. *Fish,* 1 Pick. 435; *Wilkes* v. *Mayor, etc.,* 79 N. Y. 621; *M. E. Ch.* v. *Mayor, etc.,* 55 How. Pr. 57.) The mere fact that the city has succeeded in reducing the assessment against it does not inure to the benefit of another

assessed person and entitle him to similar relief. (*In re De-lancey*, 52 N. Y. 80; *Horn's Case*, 12 Abb. 124; *In re Broadway Widening*, 49 N. Y. 150.) Even if the action were maintainable upon common-law principles, the court is expressly deprived of jurisdiction to administer the relief sought. (Laws of 1874, chap. 312, § 2; Laws of 1874, chap. 313, § 1; *Lennon* v. *Mayor, etc.*, 55 N. Y. 366; *Dolan* v. *Mayor, etc.*, 62 id. 472; *Astor* v. *Mayor, etc.*, id. 580.) Chapter 312 of the Laws of 1874 applies to assessments for street openings as well as for local improvements. (62 N. Y. 591; *Strusburgh* v. *Mayor, etc.*, 87 id. 455; *Knapp* v. *City of Brooklyn*, 97 id. 523.)

FINCH, J. Both parties appeal from the order of the General Term; the city, from so much of it as applies upon the assessment a *pro rata* share of the amount saved from commissioner's fees; and the plaintiff, from that part of it which leaves interest to run from the beginning of the liability instead of from the date at which the true amount to be collected is ascertained. The plaintiff alleged that after the confirmation of the report of the commissioners, which fixed and established the assessment, partly upon property benefited, and partly upon the city at large, and in which was included an item of $165,632.40 for commissioners' fees and expenses, the city resisted that claim and succeeded in effecting a settlement by a reduction of the charge to $97,531.82, which saving was alleged to be two and one-fifth per cent of the aggregate assessment; · that the amount charged upon plaintiff's property was $10,928, and the proper assessment payable is $10,687.59; that such sum was duly tendered and refused, whereby an invalid and improper lien remains. The specific relief sought was that the whole original assessment be modified by deducting the total amount saved; that plaintiff's assessment be reformed by deducting its *pro rata* share of the amount saved; that the assessment be canceled and discharged; that interest be computed only from the entry of judgment in the action; and then for further or other relief. It is evident that all the specific relief sought went

upon the basis that the assessment should be vacated in whole
or in part.   But when confirmed it had the force and conclu-
siveness of a judgment, and the plaintiff alleges against it
neither fraud nor mistake.   (*In the Matter of Arnold*, 60 N.
Y. 26.)   In street opening cases the confirmation is by the
court; and after a hearing of all parties interested, or an oppor-
tunity to be heard, it becomes in effect a judgment of the
court, which cannot be attacked in a collateral action except for
reasons not alleged in this action.   Errors and irregularities in
street opening cases must be corrected and reviewed in the
proceedings themselves, and cannot be reached by a collateral
action in equity.   (*Dolan* v. *Mayor*, etc., 62 N. Y. 472 ; *Astor*
v. *Mayor*, etc., id. 580.)   There is another difficulty.   Sec-
tion 897 of the Consolidation Act forbids a suit in equity to
vacate any assessment in the city, or remove a cloud on title.
Whatever may have been true of the original act of 1858, the
section in question, as it now stands, is broad and unqualified,
applying to every assessment in the city, and cannot be restrained
or limited to a particular class.   The plaintiff, therefore, was
not entitled to his specific relief ; but he seeks other remedy
and puts his action upon another ground.   Abandoning all
claim to vacate or modify the assessment, and leaving it to stand
as final and conclusive, he claims that he is entitled in equity to
compel the application upon his assessment as *pro tanto* a pay-
ment of the same, of his *pro rata* share or proportion of the
amount saved by the city.   There is unmistakable justice in that.
There was an apportionment of the entire cost of the street
opening between the city and the benefited locality, the latter pay-
ing a little more than one-half.  · Practically this apportionment
was made between the tax payers at large and those of the de-
scribed locality.   Any saving from the cost and expense equi-
tably should reduce the burden of both, and there is no just reason
for applying it wholly to the relief of those burdened the least.
That the municipality, by the action of its officers, secured the
saving does not alter the case.   The city in its action was
trustee for all the tax payers affected, and acted in behalf of all.
This plaintiff was among them, and is entitled to reap his just

proportion of the benefit secured by the corporate authorities, and by an action in equity may enforce the performance of that trust duty. This view the General Term adopted; and it follows logically from it that the plaintiff remained liable for the interest from the date of the assessment. That is in no manner affected as a complete and binding adjudication. The cases relied on by the plaintiff were all cases in which the assessment itself was modified and changed, and never became final until then; and before such final result, the tax payer could not know what the assessment in fact was; but here there never was any change in it, or any uncertainty about it. The plaintiff's right assumes its entire validity, and rests wholly upon an after occurrence which furnishes him with a credit to be applied on his conceded debt. The sum to be applied on plaintiff's debt was found as a fact, and no question challenging it appears to have been raised on the trial. The tender was too small.

The judgment of the General Term should be affirmed, without costs to either party.

All concur.

Judgment affirmed.