Hatch, J.
—It is claimed by the plaintiff that this assessment' must be vacated and set aside for the reason that the commissioners in the proceedings in invitum awarded damages to the owner of Urban alley. The ground of this claim rests upon the assumption that Urban had dedicated this as a public street, and was, therefore, at most, entitled to only nominal damages. It does not appear that Urban had ever dedicated this as a street beyond opening and selling the lots. The city had not accepted nor was it any part of a general plan of streets prepared by the city. Urban was taxed for it as private property, and although he was doubtless bound to keep it open for the benefit of those who had purchased fronting thereon, yet he owned the fee¡ and for very many purposes would be entitled to compensation if appropriated for other purposes than an easement, while the proceeding divested him of the fee and transferred it to the city.
The commission had jurisdiction to make him some award, and if excessive, it should have been corrected in the proceeding. If we assume plaintiffs’ position correct, it is not available to him here. So far as Lindeman is concerned, he is estopped from raising the question, as he appeared before the commission, consented to the confirmation of the report, and has accepted the. benefits accruing to him thereunder. The confirmation of the report is a judgment, and we must regard it as sacred, until vacated or modified by a direct proceeding for that purpose; it is not permitted to attack it collaterally in a proceeding like this. Mayer v. Mayor of N. Y., 101 N. Y., 288; Matter of Ferris, 10 N. Y. State Rep., 483.
There is nothing which appears upon the face of these proceedings from which their invalidity may be determined, and proof aliunde may not here be resorted to for that purpose. Dolan v. Mayor, etc., 62 N. Y., 472.
The omission of Alwin and North streets by the assessors in levying the assessment in no wise vitiates the assessment for two reasons. First, it appears by the proof and the admissions made upon the trial that these streets had been dedicated to the use of the public by the owners and have been accepted by the municipal authorities, who have evidenced such acceptance by construct *306 ing sewers therein. Second, the maps introduced in evidence and marked by the assessors show the streets laid out at the time the assessment was made, and in the performance of their duties they estimated that such land was not benefited. This was a judicial act, and, under the circumstances, the court cannot interfere ; to do so would simply substitute its judgment for that of the assessors. De Witt v. Village of Ithaca, 15 Hun, 568 ; Matter of Ingraham, 4 id., 499.
This does not present the same question as arose in Hassen v. Rochester, 65 N. Y., 516, and kindred cases. There the assessors were directed to assess upon all the lands benefited, but the assessors omitted lands concededly benefited, for the reason that, they deemed them not subject to taxation. Here the lands are omitted for the reason that they are public streets, and also for the reason that the same, in the judgment of the assessors, were not deemed benefited by the improvement, and they were authorized so to determine.-
It is not necessary that the city should own the fee of a street to constitute it a public street. It is also claimed that the assessors violated their duty in levying a different and lower rate-upon the west side than upon the east side. The evidence upon-this subject clearly discloses the fact that they took into consideration the situation and determined that the west side already had a street, and that they were not therefore benefited to the extent, that the east side was. No erroneous principle was applied, it. was an exercise of judgment, a judicial act, and even though we-may think they erred in judgment, yet such fact would furnish no ground for vacating their conclusion in this action. Kennedy v. City of Troy, 77 N. Y., 493 ; O'Reilley v. City of Kingston, 114 id., 448 ; 23 N. Y. State Rep., 799 ; Genet v. City of Brooklyn, 99 id., 307, 308 ; Spencer v. Merchant, 100 id., 585.
It is claimed that error is established for the reason that the1 assessors changed the feet front assessed against Reinhardt from-twenty-eight feet, so as to embrace fifty-eight feet, after the notices: were sent out. If this be so, then the assessment should be vacated. The People ex rel. Chamberlain v. Forrest, 96 N. Y., 544.
The roll is presumed valid until the contrary be made to appear. Matter of Voorhis, 90 N. Y., 668 ; Matter of Hebrew B. O. A. Society, 70 id., 476,
So that standing alone without proof the roll as it appears is to-be upheld. Has this presumption been overcome ? It is testified to by Reinhardt that he went to the office of the assessors with the notice sent out by the assessors, of the tax, that he was shown the roll by some person who he did not know, that it then only embraced the twenty-eight feet, and that the person exhibiting the roll on being informed that there was fifty-eight feet changed the figures therein. Lindeman corroborated this testimony, but on cross-examination stated that he could not read English, and so far corrected his testimony as to say that he heard it read. The roll also shows that a change was, at some time, made. It is upon this testimony that plaintiff relies. In opposition to this, defendant produces assessor Ludwig, who states his recollection to be,, *307 that he made the correction ; that it was made prior to sending out the notices ; that in the course of business it would be so, and while he had no distinct recollection upon the subject as to be able to state positively, yet such fact was in accordance with the business of the office and his recollection.
The allegation of the complaint also negatives plaintiff’s claim, as it describes the land owned by Beinhardt, and then says that plaintiff, naming him, was assessed upon such property. Humorous other irregularities are alleged, but not this. The objection was not urged, so far as the evidence discloses, before the assessors, or before the common council, and only found place upon the trial at its close, when the plaintiffs were recalled for that purpose. I am of opinion that under these circumstances the presumption of regularity in this respect is not overcome. •
If Lindeman was in a position to avail himself of objection to the assessment upon the one and one-half feet, such position could not be upheld. In Terry v. Hartford, 39 Conn., 286, an assessment under dike circumstances was sustained. This case was cited with approval by Beckwith, Ch. J., in Brennan v. The City of Buffalo, not reported, and affirmed at general term.
It follows from these views that no substantial error, available to plaintiff in this action, is found. The complaint is, therefore dismissed.