RUDOLPH HOFFELD, Appellant, v. THE CITY OF BUFFALO,
Respondent.

Where, in an action to have an assessment for a local improvement upon
plaintiff's land in the city of Buffalo adjudged illegal and to restrain its
collection, it was not claimed that any land outside the district upon
which the assessment was made should have been included, nor was any
fraud upon the part of the assessors alleged, but the claim was, and it
was found by the trial court, that the assessment upon plaintiff's land
was largely in excess of its proportionate benefit, *held,* that the action
was not maintainable; that while the facts might have entitled plaintiff
to relief upon review by certiorari, as the matter was one within the
jurisdiction of the assessors under the city charter (§§ 1, 2, 3, tit. 6, chap.
519, Laws of 1870), a mere error of judgment on their part furnished
no support for collateral attack by action.

It was conceded on the trial and the court found that the assessors in
making the assessments disregarded the value of buildings or other
improvements upon the respective parcels of land assessed "for the
reason that they determined that the amount of benefits was not affected
by the improvements." *Held,* that this did not show that the assessors
proceeded upon a wrong rule of law, but was simply a determination as
to what property was in fact benefited, and the error, if any, was one of
judgment.

*Clark* v. *Village of Dunkirk* (12 Hun, 181; 75 N. Y. 612), distinguished.

(Argued December 7, 1891; decided January 20, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the fifth judicial department, entered upon an order
made December 30, 1889, which affirmed a judgment in favor
of defendant entered upon a decision of the court on trial at
Special Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*E. C. Sprague* for appellant. The assessment is illegal and
voidable. (1 Desty on Taxn. 528, §§ 4, 10; *Clark* v. *Village
of Dunkirk,* 12 Hun, 181; *Savage* v. *City of Buffalo,* 59
id. 606; *Le Roy* v. *Mayor, etc.,* 20 Johns. 429; *People* v.
*Jefferson Co.,* 55 N. Y. 604; *In re Cruger,* 34 id. 619; *People* v. *City of Brooklyn,* 23 Barb. 166; *Stuart* v. *Palmer,* 74

N. Y. 183; *Litchfield* v. *Vernon*, 41 id. 123; *Genet* v. *City of Brooklyn*, 99 id. 296; *Spencer* v. *Merchant*, 100 id. 585; *Hassan* v. *City of Rochester*, 65 id. 516; *Baldwin* v. *City of Buffalo*, 29 Barb. 296; *Johnson* v. *City of Milwaukee*, 40 Wis. 315; *Preston* v. *Roberts*, 12 Bush. 570; Cooley on Taxn. 662; *Sutton* v. *City of Louisville*, 12 Bush. 419; *Motz* v. *City of Detroit*, 18 Mich. 495; *State* v. *Mayor, etc.*, 6 Vroom. 157; Cooley on Taxn. 662; *Hammet* v. *City of Philadelphia*, 165 Penn. St. 146; *State* v. *Mayor, etc.*, 37 N. J. L. 415; *Creighton* v. *Manson*, 27 Cal. 613; *H. R. R. Co.* v. *Morton*, 27 Mo. 317; Mills on Em. Domain, §§ 159, 232, 246; *Reitenbaugh* v. *C. R. R. Co.*, 21 Penn. St. 100.) The assessment was illegal, being made upon a wrong principle, because the assessors in making the same determined that the amount of benefits was not affected by improvements, and fixed the amount of their assessment without regard to such improvements. (*Clark* v. *Village of Dunkirk*, 12 Hun, 181; *Kennedy* v. *City of Troy*, 77 N. Y. 493; *Canal Bank* v. *Mayor, etc.*, 9 Wend. 214.) That the plaintiff is entitled to the relief demanded, if the assessment is illegal, is beyond question, the illegalities complained of not appearing upon the face of the record. The remedy at law in such cases, by certiorari or otherwise, is not exclusive. (*Scott* v. *Onderdonk*, 14 N. Y. 9; *Allen* v. *City of Buffalo*, 39 id. 386; *Rumsey* v. *City of Buffalo*, 97 id. 114; Laws of 1864, chap. 438; Laws of 1865, chap. 358; Laws of 1870, 1192, § 20; Laws of 1880, 413, § 9; *People* v. *Gilon*, 126 N. Y. 147–151; *People* v. *McGuire*, Id. 419.) The court should take jurisdiction of this action, because the remedy at law, by certiorari, was entirely inadequate as applied to this assessment, if the errors in the assessment are so gross and palpable as to justify equitable relief on general principles, although they do not render the assessment absolutely illegal. (Code Civ. Pro. §§ 2140, 2141; *People* v. *Comrs.*, 9 Hun, 609; *People* v. *Supervisors, etc.*, 82 N. Y. 275; *People* v. *Mayor, etc.*, 20 Hun, 73; *People* v. *Dunkirk*, 38 id. 7; *People* v. *Tompkins*, 40 id. 228; *People* v. *Delaney*, 49 N. Y. 655; *People* v. *McDonald*, 4 Hun, 187;

69 N. Y. 362; *Bank* v. *Supervisors, etc.*, 25 id. 312.) This action is maintainable. (Laws of 1864, chap. 438; Laws of 1865, chap. 358; Laws of 1870, 1221, § 20; Laws of 1880, 275, § 9; Laws of 1870, 1192, § 20.)

*George M. Brown* and *Philip A. Laing* for respondent. The assessors had jurisdiction and the *quantum* of benefits was a question of fact for their determination under the defendant's charter; such determination is in the nature of a judgment and is not reviewable collaterally. (*O'Reilley* v. *City of Kingston*, 114 N. Y. 440; *In re Kruger*, 84 id. 621; *In re Church Street*, 49 Barb. 455; *Leroy* v. *Mayor, etc.*, 4 Johns. Ch. 352; *T., etc., R. R. Co.* v. *Cane*, 9 Hun, 508; *Genet* v. *City of Brooklyn*, 99 N. Y. 306; *Kennedy* v. *City of Troy*, 77 id. 493; *Spencer* v. *Merchant*, 100 id. 585; *Lyon* v. *City of Brooklyn*, 28 Barb. 609; *Bouton* v. *President, etc.*, 2 Wend. 395–398; *Hasson* v. *City of Rochester*, 67 N. Y. 536; *In re Broadway*, 63 Barb. 575; *Osterhout* v. *Hyland*, 27 Hun, 170; *Strasburg* v. *Mayor*, 13 J. & S. 508; *In re Ferris*, 10 N. Y. S. R. 480; Cooley on Taxn. [2d ed.] 748, 775.) The special findings of facts made by the learned court at the request of the plaintiff to the effect that the assessment upon his lands is excessive, do not call for a reversal of the judgment appealed from. (*In re Kruger*, 84 N. Y. 621; *Dickson* v. *Racine*, 65 Wis. 306; *Chamberlain* v. *Cleveland*, 34 Ohio, 567; *People ex rel.* v. *Mayor, etc.*, 63 N. Y. 299; Laws of 1887, chap. 547, § 1; *In re S. I. R. T. Co.*, 47 Hun, 396; Laws of 1870, chap. 519; *People ex rel.* v. *Common Council*, 78 N. Y. 33.) The finding of the court that the market value of the premises assessed was several thousand dollars greater than the amount assessed thereon is sustained by the evidence and the exception to such finding is not well taken. (*In re Broadway*, 63 Barb. 572; *Genet* v. *City of Brooklyn*, 99 N. Y. 308.) The court having found that the land assessed, exclusive of the improvement thereon, was worth more than the amount assessed against the same, and that its value, with the improvements, was many thousand

dollars in excess of the assessment, there can be no question of confiscation here. (*Lyon* v. *City of Brooklyn*, 28 Barb. 609; *In re Mead*, 74 N. Y. 216–219; *In re Church St.*, 92 id. 1–6; *Genet* v. *City of Brooklyn*, 99 id. 306; *In re Sackett St.*, 4 Hun, 98; 74 N. Y. 95; *Soady* v. *Wilson*, 3 Ad. & El. 252; *Pearson* v. *Zabel*, 78 Ky. 170–173; *City of Ludlow* v. *Trustees, etc.*, Id. 337–360; *McFerran* v. *Alloway*, 14 Bush. 580; *Dickson* v. *City of Racine*, 65 Wis. 306; *Watson* v. *Chicago*, 115 Ill. 78.) The fact that the assessors in finally fixing the amount to be assessed upon each parcel of land, fixed the same without regard to the value of the buildings and other improvements upon the same, for the reason that they determined the amount of benefits was not affected by the improvements, does not invalidate the assessment. (*O'Reilly* v. *City of Kingston*, 114 N. Y. 440.) The defendant's charter makes an assessment for benefits a charge against an award made the same owner for lands taken, and the city has the legal right to offset the award against the assessment, and is only required to pay the balance over and above such assessment for benefits. (*Genet* v. *City of Brooklyn*, 99 N. Y. 306; *In re Center St.*, 115 Penn. St. 247; *City of Galesburg* v. *Searles*, 114 Ill. 219.)

BRADLEY, J. By this action in equity the plaintiff sought to have it adjudged that an assessment made upon his land in the city of Buffalo was void, and for that reason to restrain its collection and stay a pending proceeding to set it off against a sum awarded to him by the city for his property there appropriated for a street.

In proceedings had for that purpose, pursuant to the statute, lands were taken for the extension of Lord street from Seneca street to Seymour street, awards were made to the owners of the lands so taken, and the common council of the city fixed the amount to be raised to pay for the improvement at $22,440.70, and directed the board of assessors to assess it upon the lands to be benefited by the improvement in proportion to such benefit. The board of assessors thereupon made

up an assessment-roll assessing certain lands, in the aggregate, the amount so fixed, for the purpose of paying the cost and expense of the improvement. The plaintiff's land was assessed $14,775.78. He complains of this and asserts: (1) That his land was not proportionately assessed; (2) That it was assessed beyond the benefit received by it, and (3) That the assessment amounted to a substantial confiscation of his property without compensation. The proceedings taken by the common council with a view to the assessment, and those of the board of assessors in making it, were apparently regular, and it must be assumed they were so in fact, unless the contrary was made to appear. (L. 1870, ch. 519, tit. 7, § 36.)

Upon the subject of local assessments the defendant's charter provided that the common council should estimate and fix the amount; that the assessments be made by the board of assessors; and that they should assess the whole amount upon the parcels of land benefited by the improvement in proportion to such benefit. (Id. tit. 6, §§ 1, 2, 3.) It is not claimed that any land outside the district upon which the assessment was made should have been included in it as benefited by the work. Nor is any fraud on their part in making it alleged. The plaintiff's case rests mainly upon the alleged fact that the assessment on his land was largely in excess of its proportionate benefit derived from the improvement. Evidence was given tending to prove the fact, and the trial court so found, and further, that the assessment upon the plaintiff's land was largely in excess of the benefit derived by it from the work; and that the assessment was not made upon the parcels of land benefited in proportion to such benefit. While it may be that relief upon that state of facts may have been given upon a direct review by certiorari of the assessment, it is difficult to see how they can furnish any support for collateral attack of it by action. The statute seems to have devolved upon the assessors of the defendant the duty and power of determining the district benefited by a local improvement and of making the proportional assessment upon the respective parcels of land. Those matters are left to the judgment of the board of

assessors; and "it shall be presumed that every  \*   \*   \*
assessment made     \*   \*   \*   is valid and regular, and that
all the steps and proceedings required by law were taken and
had until the contrary shall be made to appear." (Id. tit. 7,
§ 36.)

This, upon the evidence and findings, was a case of over
assessment on the plaintiff's land. If this was the result of
mere error in judgment of the assessors, it is not the subject
of what was formerly known as a bill of review; and like the
determination by any tribunal of matters brought within its
jurisdiction their judgment is not the subject of review by
action collaterally. It is urged that in view of the large excess
in the amount of the assessment upon the plaintiff's land over
its due proportion, it must be assumed that the assessors pro-
ceeded on some erroneous principle or rule in making it. If
the evidence would have justified the inference to that effect
in the court below, it did not as matter of law require such
conclusion; and, therefore, the question is not here for con-
sideration. While the excess may be so greatly out of propor-
tion as to permit the inference of corrupt purpose or of adop-
tion of an erroneous rule of estimate, the matter of excess is
one of degree only; and if in one case an assessment having
the support of jurisdiction of the assessors and of presumption
of regularity, may upon the evidence of witnesses to the effect
that it was disproportionately made upon the lands, be vacated
in a collateral action, the question would be an open one in
every case where some one or more of the persons whose lands
are subjected to assessment deem themselves aggrieved for
such cause. It is for the legislature to provide such means for
direct review of the discretionary or judicial power of munici-
pal officers in making assessments and levying taxes as may be
deemed essential to the protection of the rights of the property
owner. The rule is fundamental that equality in the imposi-
tion of the burden of taxation is of the very essence of the
right, and consequently the failure to observe that principle in
a statute providing for assessments and their apportionment as
applied to the property benefited would render it invalid.

While this perfection must be in the law under which the assessors proceed, the execution of it dependent upon their judgment may not be free from criticism although made in good faith.

It is, however, urged that the assessment was made upon a wrong principle and is for that reason illegal. This is founded upon the concession at the trial and the finding accordingly " that the assessors in finally determining the amount to be assessed for the benefits upon each of the pieces of land assessed, fixed those amounts without regard to the value of the buildings or other ⁎improvements upon the respective parcels for the reason that they determined that the amount of benefits was not affected by the improvements." It appeared that upon the plaintiff's land and some other of the lands assessed there were buildings and·that other lots within the assessment were vacant. The assessors did not fail to consider the improvements on the lands, and having determined that the amount of benefits was not affected by them, assessed it upon the lots respectively without regard to the value of the buildings. This was not in violation of the rule embraced within the reason given in *Kennedy* v. *City of Troy* (77 N. Y. 493), for decision in *Clark* v. *Village of Dunkirk* (12 Hun, 182; 75 N. Y. 612). And was in harmony with the views of the court upon which *O'Reilley* v. *City of Kingston* (114 N. Y. 439) was determined. The facts so found do not show that the assessors proceeded on a wrong rule of law in making their estimate of the benefits to the lands assessed.

The assessment does not, therefore, seem to have been illegal in the sense requisite to the support of an action for relief against it. In a case for such relief the proceedings are regular and on their face valid, but by reason of something extrinsic the record they are illegal. In that case relief may be had in equity. (*Strusburgh* v. *Mayor*, etc., 87 N. Y. 452.) So far as appears in the present case the cause of the plaintiff's complaint may have been the result of mere error in judgment of the assessors. And although the assessment was not illegal it may have been erroneous. In that view it is not

important whether or not chapter 358 of the Laws of 1865, remains in force, as the actions there referred to had relation to illegal assessments. In cannot here be seen what may have been the result in the court below if fraud or corrupt purpose on the part of the assessors in making the assessment had been alleged in the complaint, as in such case it may be that inference to that effect may have been permitted by the evidence.

Although we find no support for the action, the facts so tend to show the assessment erroneous to the prejudice of the plaintiff that the denial of costs is justified.

The judgment should be affirmed.

All concur.

Judgment affirmed. _____