PEOPLE ex rel. ALBRIGHT v. CITY OF BUFFALO.

(Supreme Court, Special Term, Erie County.　July 2, 1898.)

1. MUNICIPAL IMPROVEMENTS—ASSESSMENT DISTRICTS.

    A comparatively level lot fronting on two streets, upon one of which a sewer had been laid, was divided by the board of assessors, and the part fronting on the street without a sewer was placed in the assessment district which had to bear the expense of laying a sewer in that street.　The entire portion placed in that district could be drained into the new sewer, although a part of it sloped towards the old sewer.　*Held*, that the action of the board will not be disturbed.

2. SAME—ASSESSMENTS.

    Under City Charter, § 145, providing that assessors, in making an assessment for local improvements, shall assess the whole amount "upon the parcels of land benefited by the work, act, or improvement, in proportion to such benefit," the cost of constructing a sewer may be assessed at a uniform rate per square foot over the entire assessment district.

Certiorari proceedings against the city of Buffalo, on the relation of John J. Albright, in pursuance of section 101 of revised city charter, to review the legality of an assessment roll made for the construction of a sewer in Ferry and Hampshire streets, in the city of Buffalo.　Dismissed.

William A. Douglas and Tracy C. Becker, for relator.

William H. Cuddeback, Corp. Counsel, and E. R. O'Malley, for city of Buffalo.

SPRING, J.　The common council of the city of Buffalo ordered the construction of a new sewer in Hampshire and Ferry streets, and ordered an assessment roll laid on the property benefited thereby to meet the expense of carrying on the work.　The board of assessors, in whom the power is vested to determine the district of assessment for local improvements (City Charter, § 143; People v. City of Buffalo, 147 N. Y. 675, 42 N. E. 344; Providence Retreat v. City of Buffalo (Sup.) 51 N. Y. Supp. 654), complied with this direction by fixing the sewer district benefited by the improvement, and made the assessment roll.　The relator owns property on the north side of Ferry street, extending back to Cleveland avenue, and complains (1) that his land is not naturally in this district, and (2) that the board of assessors acted upon an erroneous principle in making the roll.

The claim is that the slope of the surface of his land is towards Cleveland avenue, which is already supplied with a sewer, and that it should not have been included in the property benefited by this proposed sewer.　The relator has a large lot, with a long frontage, and the whole tract is comparatively level, and it requires quite a careful examination to determine in which direction the surface drainage tends.　That portion abutting on Cleveland avenue is clearly tributary to the sewer in that street, and the premises were divided by the board in recognition of that fact.　The contour of that portion fronting on Ferry street unmistakably makes it drain in that street; so that the assessors, in the exercise of their judgment, must make a line of demarkation somewhere, and this they did.　A carefully plotted estimate by a skilled engineer shows that a considerable

52 N.Y.S.—44

part of that charged with this benefit really slopes towards Cleveland avenue; but the fact still appears that every portion of the tract can be made to drain directly into the Ferry street sewer. The bottom of this sewer is several feet lower than any portion of the relator's premises. The power was vested in the board of assessors to fix the benefited district; and, in doing this, it acted judicially, and courts will not disturb its determinations unless there are glaring mistakes or errors in principle. In re Cruger, 84 N. Y. 619. Where it requires the special skill of an engineer to determine a slight deflection from the best of judgment, the action of the assessors should not be disturbed. As was said in the case cited, at page 621:

"To criticise the results of their judgment would practically require that we should ourselves try every question of value and of benefit, and that, too, upon evidence different from that before the assessors. Their error in judgment, if·in fact it existed, was not an error in the proceedings, and not the subject of our review under the statute."

The more serious question is as to the principle upon which the assessment was made. The board of assessors first determined the district chargeable with the cost of construction by reason of benefits accruing, and then, after much consideration, decided the added benefits were uniform over the entire territory, and consequently spread the cost over the whole land at an unvarying rate per square foot. This method of assessment ignored improvements and differences in valuation of unimproved property which confessedly existed; and the contention of the relator is that this mode of distributing the burdens was unjust in principle. This was not an arbitrary decision, as has been claimed, but was the best judgment of the assessors after a consideration of the objections now urged. Much latitude and discretion are necessarily vested in a board of assessors where local improvements are made, the cost of which is chargeable upon the benefited district. If, however, in the fulfillment of its important functions, the board proceeds upon an erroneous principle, courts will not ratify its action. Clark v. Village of Dunkirk, 12 Hun, 181, affirmed 75 N. Y. 612; Monroe Co. v. City of Rochester, 154 N. Y. 570, 49 N. E. 139.

Can it be said the principle on which this assessment was based was intrinsically wrong? The assessors were on the ground. The determination of the mode, at least within reasonable limits, was with them. They honestly endeavored to fulfill that duty; and they have said, after due canvassing, and after having the rights of the owners discussed, that a fixed rate per foot over the whole area was the fairest manner of imposing the burden. If this court determines this was an unfair method, that it discriminated unjustly, it usurps the province of the assessors, unless it is plain and unmistakable injustice has been done. The bare fact the assessment was uniform, and that the land, regardless of the improvements, was taken, does not establish any error in principle. The new sewer was a large one, —a trunk sewer. The sewer which is to receive the sewerage and drainage from relator's premises is lateral and auxiliary to the chief one, and that is true of the greater part of the benefited district. The benefits accruing cannot be measured on any such narrow line as

that when reviewing the legality of an assessment. The lot owner, at the remote terminus of a lateral sewer, enjoys the benefit of sewerage for his property as well as one in close proximity to the trunk sewer. Enhancement in value arises from the benefits to the premises, and they flow to any one connecting either with the main or an auxiliary sewer. The theory of making local improvements is that the marketable value of the property chargeable with the burden will be enhanced in value to the amount of the cost imposed, and it cannot be said that rule will not apply here.

In O'Reilley v. City of Kingston, 114 N. Y. 439, 21 N. E. 1004, Judge Haight, in discussing this question, says, at page 448, 114 N. Y., and page 1006, 21 N. E.:

"It appears that they reached the conclusion that the tax should be apportioned among the owners of the real estate bordering upon the street according to the number of feet owned by each individual. This is not necessarily an erroneous principle, if it was their judgment that each owner was benefited in that proportion. On the other hand, it may be the most just and equitable of any that could be adopted."

In Hoffeld v. City of Buffalo, 130 N. Y. 387, 29 N. E. 747, the court say, at page 393, 130 N. Y., and page 748, 29 N. E.:

"The assessor did not fail to consider the improvements on the lands, and, having determined that the amount of benefits was not affected by them, assessed it upon the lots, respectively, without regard to the value of the buildings. This was not in violation of the rule embraced within the reason given in Kennedy v. City of Troy, 77 N. Y. 493, or the decision in Clark v. Village of Dunkirk, 12 Hun, 182."

See In re Cruger, 84 N. Y. 619–621; Voght v. City of Buffalo, 133 N. Y. 463–471, 31 N. E. 340.

The only guide for assessors in making an assessment for local improvements is that the whole amount shall be assessed "upon the parcels of land benefited by the work, act, or improvement, in proportion to such benefit." City Charter, § 145. Within this terse limitation, their powers are discretionary and judicial, and no inflexible rule governs their actions. In this case they apparently acted after careful consideration. They were not arbitrary or hasty. There has been no infringement upon any ironclad principle; there has been no radical departure from any recognized mode of procedure; and it is not for the court to interfere because, perhaps, another man might have reached a different conclusion or adopted a different rule.

The writ is dismissed, with $50 costs.