Amos R. Eno, Appellant, *v.* The Mayor, Aldermen and Commonalty of the City of New York, Respondent.

Under the provision of the act of 1872, in relation to local improvements in the city of New York (§ 7, chap. 580, Laws 1872), as amended by the act of 1874 (chap. 313, Laws of 1874), prohibiting the vacating or setting aside of an assessment for a local improvement, for any omission to advertise or irregularity in advertising the ordinance or resolution authorizing the work " where no fraud is alleged," an action cannot be maintained to vacate or set aside an assessment, because of such omission or irregularity.

Under the provision of the act of 1858 (chap. 338, Laws of 1858), as amended by the act of 1874, in relation to the vacation and collection of taxes and assessments in the city of New York (chap. 312, Laws of 1874), the remedy of a party seeking to have an assessment vacated for fraud, is limited to an application to the Supreme Court, as provided by that act ; he cannot maintain an action for that purpose.

As to whether, where an assessment has been fraudulently made for a sum larger than the actual cost of the work, the party assessed can maintain an action against the city to have the amount of the fraudulent excess determined and deducted from or allowed upon his assessment, or to

have the assessment vacated for the fraudulent excess, after payment of
the amount which ought to have been assessed, *quære.*

Where the city corporation has let a contract for a local improvement,
and the contractor has given a good and valid bond for the performance
of his contract, and, in consequence of his failure to perform, the bond
has been forfeited and the contract has been relet at an enhanced price,
it is the duty of the municipal authorities, before imposing an assess-
ment for the work, to enforce the bond and to apply the amount col-
lected thereon in diminution of the assessment; and an action may be
maintained against the city to compel a discharge of this duty, where
an assessment has been imposed in disregard of it. (ALLEN, J.,
dissenting.)

*Eno* v. *The Mayor* (7 Hun, 320), reversed.

(Argued December 14, 1876 ; decided January 16, 1877.)

APPEAL from judgment of the General Term of the Supreme
Court, in the first judicial department, affirming a judgment
entered upon an order sustaining a demurrer to plaintiff's
complaint.

The complaint in this action sets forth, in substance, that
plaintiff is the owner of property situated on Seventy-seventh
street, in New York city. That an assessment of $7,000 and
upwards has been imposed upon his property for regulating
that street. That such assessment is in the nature of a judg-
ment, and that he never had notice of the same until after
the confirmation of the assessment by the board of revision.
That the resolution and ordinance authorizing were never
published, as required by chapter 337 of the Laws of 1857.
That there was included in the assessment the sum of
$4,362 for the compensation of inspectors for 1,454 days, at
three dollars per day, while the work was only being prose-
cuted for 400 days, and only that number of days inspection
was necessary. That the contracts for such work were let to
one Moore, a contractor, at prices which would have resulted
in an assessment for $35,000 upon the property covered by
the assessment. That the said Moore gave to the mayor,
etc., of the city of New York a bond, with good and sufficient
sureties in the sum of $15,000, for the faithful and diligent
performance of such work. That the said Moore, shortly

after commencing work, abandoned the same. That the contract was then relet by the municipality to one Masterson, at prices in excess of the prices contained in the Moore contract, and which resulted in an assessment of upwards of $51,000 upon the property embraced in the assessment, being an excess of $16,000 over the Moore prices.

That the city still holds the Moore bond; that the sureties are abundantly good and able to pay the liability therein incurred, and that the city has taken no steps towards the prosecution of the same; and the plaintiff, after setting forth that the defects complained of do not appear by the records set forth, that if the assessment is not wholly vacated, he is ready and willing and offers to pay the amount that would be due by him to the city, if the work had been completed under the Moore contract.

The prayer for relief was:

First. That the assessment be vacated; or, secondly, that the proceedings to collect the assessment be stayed until after the prosecution of the Moore sureties; and thirdly, for such other relief as may be just.

Defendant demurred that the complaint did not state facts constituting a cause of action.

*A. B. Johnson* for the appellant. Chapter 313 of the act of 1874 is unconstitutional so far as it seeks to deprive the Supreme Court of power to grant plaintiff the relief prayed for. (*Lennon* v. *Mayor, etc.*, 55 N. Y., 361; *Dolan* v. *Mayor, etc.*, 62 id., 472; *Astor* v. *Mayor, etc.*, id., 591; *Like* v. *McKinstry*, 41 Barb., 186; *Green* v. *H. R. R. R. Co.*, 28 id., 9; *Devendorf* v. *West*, 42 id., 227; *In re Agnew*, 4 Hun, 435; *In re Mayer*, 50 N. Y., 604; *Lewis* v. *Mayor, etc.*, 35 How. Pr., 162; *In re Babcock*, 23 id., 118; *Hay's Case*, 14 Abb. Pr., 53; *Horn's Case*, 12 id., 124; *Alexander* v. *Bennett*, 60 N. Y., 204; *Cook* v. *Whipple*, 55 id., 160; *Reubens* v. *Joel*, 13 id., 491; *De Hart* v. *Hatch*, 6 T. & C., ; *Sherman* v. *Felt*, 2 N. Y., 186; *Gracie* v. *Freeland*, 1 id., 236.) The acts of 1872 and 1874 being private and local statutes, the

court will not take judicial notice of them. (M. & V. S. on Pleadings, 207.)

*D. J. Dean* for the respondent. The legislature had power to deprive plaintiff by the act of 1874 of the remedy by action in equity. (*Lannon* v. *Mayor, etc.*, 55 N. Y., 366; *Dolan* v. *Mayor, etc.*, 62 id., 472; *In re Mayer*, 50 id., 504.) The act of 1874 does not deprive the court of jurisdiction. (*Bk. of Chenango* v. *Brown*, 26 N. Y., 467.)

EARL, J. The plaintiff in his complaint claims relief from the assessment in question upon three grounds, which I will consider separately:

(1.) It is claimed that the resolution and ordinance authorizing the improvement on account of which the assessment was made, was not published as required by the law in force at the time. In section 7 of chapter 580 of the Laws of 1872, as amended by chapter 313 of the Laws of 1874, it is provided that for such an irregularity or defect, no assessment shall be vacated or set aside, in the absence of fraud; and in *Lannon* v. *The Mayor* (55 N. Y., 361) it was held that this law is constitutional and valid. Here no fraud is alleged in reference to this irregularity, and hence it furnishes no ground for relief in this action.

(2.) It is alleged in the complaint that the contractors were engaged in the performance of the work, for which the assessment was made for the period of 400 days only, while there is included in the assessment the sum of $4,362, for the compensation of inspectors upon the work for 1,454 days, at three dollars per day; and it is further alleged that only 400 days of inspection were necessary, that there was actually only that amount of inspection, and that the payment for a larger amount was illegal and fraudulent. It would appear from these allegations admitted by the demurrer to be true, that a grievous wrong was done the plaintiff. If the plaintiff seeks on account of this wrong to have the assessment vacated and set aside, the relief cannot be granted in this action.

SICKELS — VOL. XXIII.    28

Such relief must be sought by an application to the Supreme Court, under the act chapter 338 of the Laws of 1858, as amended by chapter 312 of the Laws of 1874. Whether in this action, with the present parties, the plaintiff could have the amount of the fraudulent excess determined and then deducted from or allowed upon the assessment, or whether he could have the assessment vacated for the fraudulent excess after payment of the amount which ought justly to have been assessed, are questions not free from difficulty and they will not now be determined as they have not been argued.

(3.) It is alleged in the complaint that the work was first let to one Moore, and that he gave a bond with two sufficient sureties, in the sum of $15,000, for the performance of his contract; that he abandoned his contract after performing a small portion thereof; that the street commissioner then entered into contract with one Masterson for the completion of the work, under which the work cost upwards of $16,000, more than was to be paid under the prior contract, which increased cost was included in the assessment; that by reason of the failure of Moore to perform his contract, his bond became forfeited and he and his sureties, who were perfectly responsible, became liable for the increased cost of the work upon the reletting; that the defendants had never in any manner attempted to enforce the liability of Moore and his sureties upon the bond; that they should have prosecuted the bond and applied the proceeds to the payment of the expense incurred under the Masterson contract, and that they should now prosecute the bond and apply the proceeds in diminution or payment of the assessment; and the plaintiff prays for relief among other things, that the collection of the assessment be stayed until the defendant shall prosecute the bond and apply the proceeds upon the assessment, and he offers to pay any balance. The question is whether upon these conceded facts, the plaintiff is entitled to any relief? We are of opinion that he is. The defendant, in making improvements to be paid for by the owners of property benefited, act in some sense as the trustees or agents of such owners. (*Lake* v.

*Trustees of Williamsburgh*, 4 Den., 523 ; *Bond* v. *The Mayor, etc., of Newark*, 19 N. J. Eq., 376 ; Dillon on Mun. Cor., 610.) The city in the first instance pays for the work and then reimburses itself by collecting the whole expense from the property owners. The bond taken is really for the benefit of the property owners, and they are the sole parties interested in it or benefited by it. As no share of the expense falls upon the city, it is not damnified by any failure to perform an advantageous contract, but the damages caused by such failure, in the increased cost of a subsequent letting, fall upon the property owners.

While such improvements are beneficial to the owners of property in the vicinity, the public generally are also interested in them and hence the municipal authorities are clothed with power to make them.

In this case, the municipal authorities, as the agents of the property owners in the sense above mentioned, made the improvement and paid for it. They are now seeking by the assessment to reimburse the city. They hold a bond for $15,000, perfectly good to indemnify the property owners for so much of the amount which has been assessed. It was their duty, before imposing the assessment, to have collected this sum and applied it. It is their duty now to collect and apply it in diminution of the assessment. Why should they not in some way be compelled to discharge this duty ? Why should they be permitted to enforce this assessment for the benefit of the city, against the property owners their principals, for the $15,000, when they hold in their hands a bond given for the benefit of their principals expressly to indemnify them against that sum.

There can be no objection to granting the relief in this action. It is not clear that the plaintiff has any other remedy. He certainly has none at law. It is doubtful if the property owners could pay their assessments and then compel the city to prosecute the bond for their benefit. But even if this could be done, it would be no answer to this action. This is not like an action to restrain the collection of a general tax

imposed for the public good, which it has been held on grounds of public policy could not be maintained. (High on Injunctions, § 369.) Nor is it like an action to restrain the collection of a local assessment imposed for public purposes. This is simply an assessment imposed to reimburse the city for an improvement completed, and whether the city shall be reimbursed by the collection of the assessment or by the proceeds of the bond, is a matter of no public moment. The city need not even be much embarrassed by the action. It can allow the plaintiff his proportion of the $15,000, and he will pay the balance or the city can enforce the assessment for the balance, or the collection of the assessment can be simply stayed until the bond shall be prosecuted and the proceeds applied. It would be unjust to compel the plaintiff to pay the whole assessment or if unable to pay, to compel him to submit to a sale and perhaps sacrifice of his property, and then take his chances for a reimbursement in some way out of the bond which it was the duty of the city at once to have collected for his benefit when the forfeiture occurred.

This action stands upon the same footing as an action by a mortgagor to restrain the sale of his property under a mortgage, for the whole amount secured thereby, when he had paid a portion thereof or had placed securities in the hands of the mortgagee, which it was his duty first to realize and apply.

It is unnecessary now to determine what the law applicable to this case will be when the facts are fully developed upon a trial after issue joined by an answer. If it should appear that the defendants had offered to assign the bond to the property owners for their benefit, or that they had offered to prosecute it for their benefit upon being indemnified against costs, or that they had sued the bond and a defence had been interposed and long delay in payment thus rendered probable, or that the bond was in fact without their fault uncollectible, a different case would be presented from that now before us upon this demurrer.

Upon the facts appearing in the complaint relief could be granted in such way as fully to protect the defendants. It

could be granted upon condition that defendants be indemnified against costs in the prosecution of the bond, or upon condition that the plaintiff pay the balance of the assessment at once and give security to pay the amount· deducted on account of the bond in case of failure to realize the amount of the bond, or upon any other conditions which to the court might seem equitable. It will thus be possible to protect the city against any considerable embarrassment by a stay in the collection of the assessment against the plaintiff's property.

We are, therefore, of opinion that the plaintiff was, upon the facts stated in his complaint, entitled to some relief such as could not be given under the law of 1858, and that the demurrer was, therefore, improperly sustained.

The judgment should be reversed and the demurrer overruled and judgment should be given for the plaintiff, with costs, unless defendants shall pay to the plaintiff all the costs subsequent to the demurrer and answer the complaint within thirty days after notice of filing the *remittitur* in the Supreme Court.

All concur, except CHURCH, Ch. J., not voting; ALLEN, J., dissenting; ANDREWS, J., absent.

Judgment accordingly.