By the Court.—Freedman, J.
The specific reason for which the plaintiff in his complaint claims that the assessment, as made, is illegal and void, do not negative the jurisdiction of the assessor to assess plaintiff’ s property for a proper proportion of the expense of the improvement. On the contrary, their jurisdiction is impliedly admitted. The case, therefore, falls within the well settled rule that assessors, having jurisdiction, act judicially in fixing the amount of the assessment to be imposed upon the property deemed benefited, and that such an assessment is in effect a judgment. Such an assessment may be reviewed :
1. By the body or board that made the assessment upon a hearing of objections thereto ;
2. By the court, on certiorari; and,
3. In certain cases in the city of New York, by the court for fraud or irregularity on petition under chapter 338 of Laws of 1858.
But in a collateral action, such an assignment cannot be questioned, and as long as it stands unreversed or vacated, money collected under it, can no more be recovered back by action, than can a suit be sustained and money recovered which has been collected upon the erroneous judgment of any court of competent jurisdiction (Swift v. Poughkeepsie, 37 N. Y. 511.)
In Bank of Commonwealth v. Mayor, &c. (43 N. Y. 184) judgment vacating the tax was obtained upon certiorari before the action for the recovery of the money was instituted.
In Peyser v. Mayor, &c. (70 N. Y. 497) the plaintiff first reversed and vacated the assessment in a direct proceeding, by petition under the act of 1858, and then brought his action.
Newman v. Supervisors of Livingston Co. (45 N. Y. *512 676) and Chapman v. City of Brooklyn (40 Id. 372), do not establish a contrary doctrine. In both these cases the action was'sustained upon the ground that the assessment proceedings were absolutely void for want of jurisdiction'.
In the case at bar the complaint, even upon the most liberal construction, fails to show that the judgment recovered by the defendant’s against Handibode, the contractor, declared or made the assessment, invalid. ■That judgment determined, as between the parties, simply the fact of overpayment, and defendant’s right to recover the sum overpaid, and such determination furnishes a reason or ground for a reduction of the assesment upon a proper application, but is not tantamount to a reversal or vacation of the assessment. This being so, the action as brought does not lie.
If the complaint alleged, in addition to the matters set forth, that the judgment against Handibode has been collected, or that he is solvent and the judgment collectible, and that it remains uncollected through the fault of- the defendants, the action, under the doctrine of Eno v. Mayor (68 N. Y. 214), could perhaps to some extent ,be sustained, upon the equity arising upon the prospective right ef the plaintiff to share in the fund collected, or be collected, but in the absence of any such averment the case clearly falls within the general rule above stated.
The judgment should be affirmed with costs.
Curtis, Ch. J., concurred.