JOLEPH W. CLOWES, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

*Assessment — reduction of, in New York city — action for such reduction and its repayment — when barred by the statute of limitations — Code of Civil Procedure, secs.* 406, 410.

In this action, brought to have an, assessment declared invalid to the extent of an illegal excess, and to recover the illegal excess, it appeared that the assessment in question was imposed upon the plaintiff's property in June, 1874, and paid in the following July, and that this action was brought in May, 1885.

*Held,* that a claim upon the part of the defendant, that the action was barred by the statute of limitations, was well taken; as if it was to be regarded as an action at law it was barred because it had not been commenced within six years from the time the cause of action arose; and if it was to be regarded as an action in equity it was barred for the reason that more than ten years had elapsed since the imposition of the assessment and the time at which it became a lien upon the plaintiff's property.

That section 406 of the Code of Civil Procedure did not apply, as the plaintiff could not by voluntarily delaying his proceedings to vacate the assessment thereby prevent the running of the statute.

That section 410 of the Code of Civil Procedure did not apply to this case, as such section referred to a different class of cases, namely, those cases where money had been received by a trustee, agent or attorney, or other person acting in a fiduciary capacity, for his principal.

Appeal from a judgment in favor of the plaintiff, entered upon a trial at the New York Special Term, in an action brought to have an assessment declared invalid to the extent of forty-eight and three-tenths per cent, and for the recovery of that percentage upon the amount of the assessment which had been paid by plaintiff in 1874, with interest from the time of such payment.

*G. L. Sterling,* for the appellant.

*D. D. Acker, Jr.,* for the respondent.

Van Brunt, P. J.:

On the 16th of June, 1874, the assessment in question was imposed upon the plaintiff's property. On the 25th of July, 1874, the plaintiff paid the assessment, and on the 12th of May, 1885, this suit was begun, demanding judgment that the assessment be

declared illegal and void to the extent of forty-eight and three. tenths per cent, and the recovery of that percentage upon the amount paid by plaintiff in 1874, with interest from that time. It is claimed upon the part of the defendant that no suit of this nature can be maintained, the assessment not having been reduced under the various special acts relating to assessments in the city of New York; and that either the six years or the ten years statute of limitations is a bar. In view of the decision of the Court of Appeals in the case of *Jex* v. *Mayor* (103 N. Y., 536), it is not necessary to discuss here the question as to whether this action can be maintained.

It seems, however, that the action was barred by the statute of limitations. If it is to be regarded as an action at law it was not commenced within six years from the time the cause of action arose, and if it is to be regarded as an action in equity, more than ten years have elapsed since the imposition of the assessment and the time at which it became a lien upon the plaintiff's property, at which time his equitable right to relief arose. It is claimed by the plaintiff that so long as the assessment was valid on its face and had not been reversed in a direct proceeding, no action could be maintained for the recovery of the money paid thereunder, and therefore the six years' statute of limitations did not apply.

It is also urged that the ten years statute does not apply, because the assessment is in the nature of a mortgage and proceedings in reference to it are governed by the same limitations as to the time within which they may be commenced, citing as an authority for this proposition the cases of *The Mayor* v. *Colgate* (12 N. Y., 140) and *Fisher* v. *The Mayor* (67 id., 74). An examination of those cases, however, shows that no such principle was enunciated therein; and that all that was decided was that after the lapse of twenty years, no proceedings having been taken to enforce an assessment, the presumption of payment arose. The general limitations as to the commencement of actions in equity must, therefore, apply; and the right of action having accrued at the time of the levying of the assessment, then, certainly, within ten years and thirty days, the statute operated as a bar to the commencement of any action for equitable relief.

It is claimed, however, that this is an action to recover money, and that section 410 of the Code of Civil Procedure applies to this case,

because the city, in making the improvements to be paid for by the owners of the property, acts as a trustee and agent of such owners. An examination of subdivision 1 of section 410 seems to indicate very clearly that it has no application to the case at bar. It may be true, as stated in the case of *Eno* v. *Mayor* (68 N. Y., 218), that, in some respects, the city acts as a trustee or agent of the owners in making improvements for which their property is assessed. But it is not at all of a character such as is referred to in subdivision 1 of section 410 of the Code. That provision evidently refers to a different class of cases, namely, those cases where money has been received by a trustee, agent or attorney, or other person acting in a fiduciary capacity for his principal.

Neither do the provisions of section 406 of the Code aid the plaintiff, as the commencement of his action has not been stayed by injunction or statutory prohibition; and in the cases of *Dickinson* v. *Mayor* (92 N. Y., 584) and *Van Nest* v. *Mayor*, decided by this General Term in 1886, the principle is distinctly enunciated that a plaintiff cannot voluntarily delay the presentation of his claim to the comptroller, and in that manner prevent the running of the statute.

*In the Matter of Striker* (23 Hun, 647, affirmed, 85 N. Y., 629), it was held that the ten years statute provided for in section 406 of the Code applied to an application to vacate an assessment; and the same rule must necessarily apply to actions in equity for the same relief, because such actions are not designated in any other section providing for a statute of limitations where equitable relief is sought.

It seems, therefore, whether this action is considered as an action at law or as an action in equity, that the statute of limitations has run.

The judgment must be reversed and a new trial granted, with costs to the appellant to abide the event.

BARTLETT and MACOMBER, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.