THE PEOPLE ex rel. ISAAC P. MARTIN, Appellant, *v.*
THEODORE W. MYERS et al., Respondents.

Under the New York Consolidation Act (§§ 879, 903, chap. 410, Laws of
1882) an assessment for a local improvement in said city can only be
vacated or modified, through the affirmative action of the landowner, by
resort to the special remedy therein provided; and this, although the
assessment is void.

Accordingly *held,* that a certiorari did not lie to review the action of the
board of revision and correction of assessment lists in confirming an
assessment.

(Argued October 3, 1892; decided October 11, 1892.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, made March 15, 1892,
which confirmed the proceedings and determination of the
board of revision and correction of assessment lists of the city
of New York, confirming an assessment for paving Kings-
bridge road in said city from One Hundred and Fifty-fifth
street to One Hundred and Ninetieth street, which proceedings
were brought up for review by writ of certiorari.

The facts, so far as material, are stated in the opinion.

*George G. Munger* for appellant. The board of revision
had not jurisdiction to confirm an assessment of the entire
expense of paving the Kingsbridge road against the property
of the appellant. (Laws of 1882, chap. 410, §§ 285, 812–832,
868, 877, 915, 916, 917, 920; Laws of 1876, chap. 103;
Laws of 1877, chap. 159; Laws of 1878, chap. 255; *Mc-
Loughlin* v. *Miller,* 124 N. Y. 510.) The assessment in this
case is illegal and invalid for the reason that the provisions of
the Consolidation Act in reference to the board of assessors
and the board of revision and correction of assessment lists,
and prescribing their duties and mode of procedure, are uncon-
stitutional and void, because no notice to the taxpayer is
therein provided for, and no opportunity given him for a
hearing of his objection to the assessment. (*Stuart* v.
*Palmer,* 74 N. Y. 183; *Spencer* v. *Merchant,* 100 id.

SICKELS—VOL. XC.     59

585; *People* v. *Wemple,* 117 id. 77; *People* v. *Turner,* Id. 227; *McLaughlin* v. *Miller,* 124 id. 510; *In re Amsterdam,* 126 id. 158; *In re Union College,* 129 id. 308; *People* v. *Nichols,* 79 id. 582; *Sharp* v. *Speir,* 4 Hill, 76.) The assessment is irregular and illegal for the reason that no sufficient notice was given to the appellant to appear before either the board of assessors or board of revision, and no sufficient opportunity for a hearing of his objections before either board. (*In re Ford,* 6 Lans. 92.) The writ of certiorari is the proper remedy. (Code Civ. Pro. §§ 2120, 2122; *Le Roy* v. *Mayor, etc.,* 20 Johns. 430; *Starr* v. *Trustees, etc.,* 6 Wend. 564; *People* v. *City of Rochester,* 21 Barb. 656; *People* v. *City of Brooklyn,* 8 Hun, 56; *C. Bank* v. *City of Elmira,* 53 N. Y. 49; *Bertles* v. *Nunan,* 92 id. 152; *In re N. Y. & H. R. R. Co.,* 46 id. 546; *Fitzgerald* v. *Quann,* 109 id. 441; *McManus* v. *Gavin,* 77 id. 36; *Taylor* v. *Mayor, etc.,* 82 id. 10; *Solon* v. *Williamsburgh,* 114 id. 122; *In re Boyd,* 35 N. Y. S. R. 37; *Strusburgh* v. *Mayor, etc.,* 87 N. Y. 452; *People* v. *Gilon,* 126 id. 147; *Eno* v. *Mayor, etc.,* 68 id. 214; *People* v. *Betts,* 55 id. 600.) If the necessary construction of this title 3 is that it abrogates and abolishes all common law remedies, such as suits or actions, writ of certiorari, etc., and leaves in their place only a petition to the court, in which very limited and comparatively small relief is granted, the whole scheme is unconstitutional and illegal, for the reason that it sweeps away all former remedies of the landowner for the protection of his rights, which were vested rights, and puts in their place no equal or sufficient substitute. (Cooley's Const. Lim. [6th ed.] 350, 356; *Call* v. *Haggerty,* 4 Mass. 430; *Bronson* v. *Kenzie,* 1 How. [U. S.] 311; *Johnson* v. *Band,* Hempst, 533; *West* v. *Sansom,* 44 Geo. 295; *Penrose* v. *E. C. Co.,* 56 Pa. 46.)

*D. J. Dean* for respondent. The writ of certiorari does not lie to review the action of the board. (Code Civ. Pro. § 2122; Laws of 1882, chap. 410, §§ 897, 914; *Smith* v. *Mayor, etc.,* 99 N. Y. 424; *Jex* v. *Mayor, etc.,* 103 id. 536; *Die-*

*fenthaler* v. *Mayor, etc.*, 111 id. 331; *Tripler* v. *Mayor, etc.*, 125 id. 617; *In re Smith*, 99 id. 424; *People ex rel.* v. *Gilon*, 86 N. Y. S. R. 1004; *People ex rel.* v. *Gilon*, Id. 1005; *People ex rel.* v. *Gilon*, 37 id. 645; *Mayer* v. *Mayor, etc.*, 101 N. Y. 284; *Lennon* v. *Mayor, etc.*, 55 id. 361; *Astor* v. *Mayor, etc.*, 62 id. 580.) The board of revision and correction of assessments was under no obligation to give any notice to the petitioner when it was to meet. (Laws of 1882, chap. 410, § 871; *Spencer* v. *Merchant*, 100 N. Y. 585; 125 U. S. 345; *Stuart* v. *Palmer*, 74 N. Y. 183; *In re Common Council of Amsterdam*, 126 id. 158.) The contention of the relator that the board of assessors has jurisdiction to assess him for only such proportion of the expense of the improvement, not exceeding one-half, as should be deemed equitable by the commissioner of public works, pursuant to section 8 of chapter 565 of the Laws of 1865, is not well founded. (*In re N. Y. Inst.*, 121 N. Y. 234.) The relator's contention that the assessment ought to be imposed in yearly installments, assessments of five per cent of the entire amount, is not well founded. (*People ex rel.* v. *Gilon*, 37 N. Y. S. R. 645.)

FINCH, J. The purpose of the writ of certiorari issued in this proceeding is to review the action of the assessors and board of revision in levying an assessment for improving the roadway of what is described as the Kingsbridge road in the city of New York. The work was commenced in 1888, completed in 1889, and the assessment made and confirmed in 1890. The petitioner alleges jurisdictional defects which make the assessment absolutely and wholly void, and seeks an affirmative judgment annulling and vacating the entire proceeding. Refusing to avail himself of the special remedy given by the Consolidation Act, he claims the right to vacate the assessment by an affirmative application for that sole purpose. It is quite certain, and we have so held, that the owner of land subjected to the apparent lien of a void assessment may resist a levy upon his property for its payment, or, where the invalidity arises outside of the record and does not appear on its face,

may pay the assessment and then recover it back from the city. (*Chase* v. *Chase*, 95 N. Y. 373; *Matter of Smith*, 99 id. 424; *Jex* v. *Mayor, etc.*, 103 id. 536, and 111 id. 339.) But beyond these remedies for a void assessment which no statute has taken away, and outside of this special remedy for fraud or substantial error given by the Consolidation Act (Chap. 410, Laws of 1882), it is now claimed that a void assessment may be vacated by an affirmative proceeding on the part of the landowner through the operation and effect of a writ of certiorari, and whether that is permissible or not becomes the primary question on this appeal.

In framing the special remedy for fraud or substantial error the legislature took occasion to limit and restrain the application of other and existing remedies. It provided that no suit or action in the nature of a bill in equity or otherwise should be commenced for the vacation of any assessment in said city, or to remove a cloud upon title, but owners of property shall be confined to their remedies in the proceedings under that title. We have described this provision as broad and unqualified, and applicable to all assessments. (*Eno* v. *Mayor, etc.*, 68 N. Y. 214; *Mayer* v. *Mayor, etc.*, 101 id. 284.) By its terms an assessment can only be vacated or modified through the affirmative action of the landowner by resort to the special remedy provided. To forbid the vacating of an assessment by a bill in equity, and yet permit it upon a certiorari, would deprive the intended restraint of all its force, and is prevented by the express limitation which confines the affirmative action of the landowner to the special remedy provided. Although most of the provisions of title 3 of the Consolidation Act relate to assessments made before June 9, 1880, we have ruled that the special remedy by petition to correct assessments made after that date remains and is regulated by section 903. Under its provisions the landowner can obtain no other relief than a reduction of his assessment to a just proportion of the fair value of the work done. (*Matter of Feust*, 121 N. Y. 299.) That case clearly intimates that no other affirmative remedy to vacate or set aside the assessment remains to the landowner,

and that is true under the explicit language of the section even where the assessment is void. (*Matter of Smith, supra.*) And so the General Term in New York have been constrained to hold that a certiorari cannot properly issue to vacate an assessment. (*People ex rel. Consolidated Gas Co.* v. *Myers*, 47 N. Y. St. Rep. 70.) Where the error complained of consists in some matter of form amounting to an irregularity, or some injury resulting from fraud, the special remedy of a reduction will usually give adequate relief. But where it is sought to vacate the assessment entirely as void and a nullity the Consolidation Act interposes its prohibition, and the combined force of sections 897 and 903 leaves to the landowner aggrieved no affirmative right to vacate, and remits him wholly to his defense when his property is levied upon, or in some cases to his right to remove the apparent lien by paying the tax, and then suing to recover it back. If there is hardship in the law, as there seems to be, there was at least some justification in the flood of litigation which was sought to be arrested, and the loss and confusion which followed.

The order of the General Term should be affirmed, with costs.

All concur.

Order affirmed.