HEWLETT SCUDDER et al., as Executors, etc., Appellants, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

The provision of the New York Consolidation Act (§ 879, chap. 410, Laws of 1882) declaring that no action in the nature of a bill in equity or otherwise shall be commenced for the vacation of any assessment in said city or to remove a cloud on title, but that the property owners shall be confined to the remedies given, is not limited to actions wherein it is sought simply to vacate assessments or to remove clouds on title, but prohibits as well an action to restrain the creation of a cloud on title by means of a sale by virtue of an assessment and the giving of a lease consequent on such sale on the ground that the assessment is void. The relief sought in such a case is, in substance, a vacation of the assessment.

The section was intended to confine property owners in all cases of alleged void assessments to the remedies provided for in the act.

*Lennon* v. *The Mayor* (55 N. Y. 361), distinguished.

(Argued May 3, 1895; decided May 21, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 15, 1894, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James A. Deering* for appellants.   The assessment, although illegal in fact, was not illegal and void upon the face of the record thereof.   (*Tripler* v. *Mayor, etc.,* 125 N. Y. 617; *People ex rel.* v. *Assessors,* 99 id. 683 ; Laws of 1871, chap. 574, § 6 ; Laws of 1861, chap. 308 ; *In re Bassford,* 50 N. Y. 509.)   The plaintiffs are entitled to maintain this action and to an injunction restraining the sale of their property. (*King* v. *Townshend,* 141 N. Y. 358 ; *Lennon* v. *Mayor, etc.,* 55 id. 361 ; *Crooke* v. *Andrews,* 40 id. 550 ; *Hatch* v. *City of Buffalo,* 38 id. 276 ; *Scott* v. *Onderdonk,* 14 id. 9 ; *Allen* v. *City of Buffalo,* 39 id. 386 ; *Pettit* v. *Shepherd,* 5 Paige, 493 ; *Oakley* v. *Trustees,* 6 id. 262 ; *Mann* v. *City of Utica,* 44 How. Pr. 334 ; *Sanders* v. *City of Yonkers,* 63 N. Y. 489 ; Laws of 1874, chap. 312, § 2 ; *People* v. *Myers,* 135 N. Y. 465 ; *Chase* v. *Chase,* 95 id. 373 ; *In re Smith,* 99 id. 424 ; *Tripler* v. *Mayor, etc.,* 125 id. 617 ; *M. L. Ins. Co.* v. *Mayor, etc.,* 144 id. 494.)

*D. J. Dean* for respondents.   An action of this nature is forbidden by section 879 of the Consolidation Act.   (Laws of 1882, chap. 410, §§ 879–914 ; Laws of 1858, chap. 338 ; Laws of 1880, chap. 550 ; *Lennon* v. *Mayor, etc.,* 55 N. Y. 361 ; *Astor* v. *Mayor, etc.,* 62 id. 580 ; *People ex rel.* v. *Myers,* 65 Hun, 14 ; 135 N. Y. 468 ; *S. A. R. R. Co.* v. *Mayor, etc.,* 63 Hun, 271 ; *Mayer* v. *Mayor, etc.,* 101 N. Y. 284 ; *In re Smith,* 99 id. 424–427 ; *Chase* v. *Chase,* 95 id. 373 ; *In re Brainerd,* 51 Hun, 380, 384, 385.)   The plaintiff shows no ground for equitable relief.   If the plaintiff's position, that the assessment is utterly void, under the decision of the Court of

Appeals, from lack of jurisdiction, is correct, the so-called assessment is a mere nullity and is not a cloud upon the plaintiff's property, and does not present a case for an injunction. (Dillon on Mun. Corp. § 906; *Van Doren* v. *Mayor, etc.,* 9 Paige, 388; *Bouton* v. *City of Brooklyn,* 15 Barb. 375; *Scott* v. *Onderdonk,* 14 N. Y. 9; *Haywood* v. *City of Buffalo,* Id. 534; *Crooke* v. *Andrews,* 40 id. 547; Laws of 1882, chap. 410, §§ 926, 941; *In re E. I. S. Bank,* 75 N. Y. 289; *Cox* v. *Clift,* 2 id. 122; *Ward* v. *Dewey,* 16 id. 519; *Hatch* v. *Buffalo,* 38 id. 276; *Newell* v. *Wheeler,* 48 id. 486; *Rumsey* v. *Buffalo,* 97 id. 114.)

PECKHAM, J.   The plaintiffs commenced this action in November, 1891.   They allege that an assessment was levied upon their property for the purpose of obtaining payment of its proportion of the expenses of macadamizing One Hundred and Forty-fifth street with a Telford Macadamized roadway from Seventh avenue to the Boulevard.   They allege that the assessment was void for the reason that the work was done by day's work without proper authority from the common council to thus do it, and that such invalidity would not appear upon the face of the proceedings and required evidence extrinsic therefrom in order to prove the facts constituting the invalidity of such assessment.   The work was done between December, 1873, and May, 1876.   Plaintiffs allege that in November, 1890, the defendants, through their proper officers, commenced proceedings looking towards the collection of the assessment on the lots owned by the plaintiffs, and that the proceedings, if continued, would result in a sale of their premises and the giving of a lease to the purchaser, which lease would be *prima facie* evidence of the regularity of all proceedings prior to the giving thereof.   They demand judgment that the assessment be declared void, unlawful and uncollectible, and that the defendants should be declared to have no legal right to enforce the claim by the sale of the premises of plaintiffs or otherwise against them; also, that the defendants should be perpetually enjoined and restrained

from collecting the assessment, or any part thereof, against the premises of the plaintiffs, or in any other manner attempting to enforce the same. The work, for a portion of the expenses of which this assessment was laid, was under examination in this court in the *Matter of the Petition of the Emigrant Industrial Savings Bank* (75 N. Y. 388), and it was there held that an assessment in all respects similar to this was illegal, in that the common council had not proceeded in authorizing the work in the manner provided by statute. It would not, therefore, seem that the plaintiffs stood in much danger from proceedings looking towards the sale of these premises on account of this assessment after the decision of this court in the above-cited case. Nevertheless, the counsel for the plaintiffs has thought it proper to bring this action for the purpose indicated. We are met by the objection on the part of the defendant that the Consolidation Act has deprived the plaintiffs of this remedy, and also by the objection that the record of the assessment and the proceedings relative thereto show the facts which the plaintiffs claim render the assessment void, and as these facts thus appear upon the face of the record, no action of this nature will lie to set the same aside. The first objection is sufficient.

By section 879 of the Consolidation Act it is provided: "No suit or action in the nature of a bill in equity or otherwise shall be commenced for the vacation of any assessment in said city, or to remove a cloud upon title, but owners of property shall be confined to their remedies in such cases to the proceedings under this title." The sections subsequent to section 897 provide for summary proceedings in the way of a petition to the court, which are calculated to give relief in substantially all cases. It has been held that this section of the act is not limited to any special class of assessments such as are apparent liens, but that it applies to every assessment. (*Mayer* v. *Mayor, etc., of N. Y.*, 101 N. Y. 284; *People ex rel.* v. *Myers*, 135 id. 465.)

By the plaintiffs' demand for judgment they ask in so many

words that the assessment in question shall be declared void, unlawful and uncollectible, which is but another way of asking that the assessment shall be vacated. That portion of the relief is clearly not to be granted in the face of the section of the Consolidation Act above referred to.

The further relief demanded by the plaintiffs is that the defendant be perpetually enjoined from collecting this assessment, or any part thereof, against the premises of the plaintiffs, or in any other manner attempting to enforce the same. That would seem to be but another mode of expressing by different language the same idea and seeking substantially for the vacation of the assessment. The plaintiffs' counsel claims, however, that he seeks to enjoin the sale of the premises by virtue of this assessment and the giving of a lease consequent upon such sale, because by virtue of the statute which provides that the lease shall be *prima facie* evidence of the regularity of the proceedings prior thereto, a further cloud would be placed upon the title of the plaintiffs to their premises, and that such relief enjoining the placing of such cloud upon their premises, the court has power to grant notwithstanding the statute above mentioned. He claims that upon this ground the action is not one to set aside or vacate an assessment or to remove a cloud upon title, and that it is only those two things which are prohibited by the above section, and that the jurisdiction of the court to prevent the creation of a cloud is a distinct and separate jurisdiction not prohibited by the statute in question and still existing by virtue of the general jurisdiction of a court of equity.

If the plaintiffs were right in this contention the statute would be largely shorn of its usefulness and the scheme of the legislature, as evidenced by the succeeding sections of the statute, would be very largely limited and rendered to that extent inefficient. We are of the opinion that the statute ought not to be so interpreted. It was intended to prevent the vacation of any assessment or the removal of any cloud upon title by any suit or action in the nature of a bill in equity, and it was intended to confine owners of property in

cases of alleged void assessments to their remedies provided in the succeeding sections of the title in question. It did not, of course, affect them in their defense when their property was levied upon or their right to remove an apparent lien by paying the tax and then suing to recover it back. To enjoin proceedings for the sale of this property and for the giving of a lease to the purchaser at such sale on the ground that the assessment itself was void, would be in substance a vacating of the assessment and as such a violation of the section. If the assessment were not void, it is not claimed that there would be any right to enjoin the sale or the giving of the lease consequent thereon. The plaintiffs' cause of action is founded upon the allegation that the assessment is void, although the evidence to prove such invalidity is to be found outside of the record itself. The relief sought is in substance a vacation of the assessment. The case of *Lennon* v. *The Mayor* (55 N. Y. 361) is not an authority in the plaintiffs' favor. In that case the assessment as originally laid was void and a sale was made of the premises under that void assessment, but no lease had been executed at the time the action was commenced. The plaintiff asked to have the assessment set aside, the sale canceled and the execution of the lease to the purchaser enjoined. It appeared upon the trial that, subsequent to the sale under it, the assessment had been validated by an act of the legislature. It was held that the act validating the assessment rendered it good from the time the statute was enacted but did not render the sale under the void assessment a valid one. The court, therefore, refused to set aside the assessment because it was not any longer void, but it canceled the sale and enjoined the execution of a lease under it, because the sale was founded upon an assessment which at the time the sale took place was void. Nothing in that case furnishes ground for the argument here that the court in construing this section (879) of the Consolidation Act, ought to distinguish between an action for the vacation of an assessment or for the removal of a cloud upon title on the one hand, and upon the other hand an action to restrain the crea-

tion of a cloud upon title, founded upon an allegation that the assessment was itself void. With regard to this particular statute and upon these facts there is no such distinction.

We think the court had no jurisdiction of this action and the judgment dismissing the complaint should be affirmed, with costs.

All concur.

Judgment affirmed.