In re HAGEMEYER.

(Supreme Court, Appellate Division, Second Department.  June 8, 1906.)

1. MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—SPECIAL ASSESSMENTS—PAYMENT IN INSTALLMENTS—INTEREST.

Under Laws 1893, p. 1447, c. 644, directing the assessors to divide the assessment imposed upon any lot for street improvements into 20 annual installments, and each year thereafter for 20 years to assess an amount equal to one of said annual installments with interest upon the lot, the interest to be added to the installment is only the interest upon the installment to be paid in the year during which the assessment is imposed, and not interest upon all the installments remaining unpaid.

2. SAME—ASSESSMENT—REVIEW—METHOD.

Greater New York Charter, Laws 1901, p. 403, c. 466, § 959, provides that if, in proceedings relative to any assessment for local improvements, any fraud or substantial error shall be alleged to have been committed, the party aggrieved may apply to a justice of the Supreme Court, who shall hear the proofs and vacate the assessment, if any fraud or error appears. Laws 1893, p. 1447, c. 644, requires the assessors to divide the assessment imposed upon any lot into 20 annual installments, and each year thereafter to assess one installment with interest upon the lots. In assessing these installments the assessors erroneously included the interest upon all the unpaid installments, instead of upon the installments sought to be collected. Held, that the error was not a mere clerical miscalculation, but was the result of a quasi judicial act, and was reviewable by the method provided by the charter, and not by mandamus.

Appeal from Special Term.

Application by Frank E. Hagemeyer against Edward M. Grout, as comptroller of the city of New York, and another, for a writ of mandamus. From an order granting a peremptory writ, respondents appeal. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

George L. Sterling, for appellants.
George E. Blackwell, for respondent.

JENKS, J. The dispute is over the amount required to discharge an assessment for a local improvement. The assessment was laid pursuant to chapter 644, p. 1447, of the Laws of 1893, which in part directed the assessors to "divide the assessment or amount imposed upon any lot or parcel of land into twenty equal parts or annual installments, and in each year thereafter, for twenty years, shall assess an amount equal to one of said annual installments, with interest, upon the lots or parcels of land benefited by said improvement." The cause of the dispute is over the interest demanded by the collector or the relator seeking to pay a second installment. Aside from interest the amount of such installment would be $92. The relator insists that the proper sum payable is $92 with interest thereon for one year at 6 per cent. The city officers contend that they were justified in charging interest at 6 per cent. for one year upon the amount of the total installments remaining unpaid, or, in other words, upon 19/20 of the assessment. The learned Special Term held with the relator upon this question, and I think it was right.

The contention of the city officers is based upon a principle rather than on the construction of the phrasing of the statute, inasmuch as the learned corporation counsel, while not conceding that the statutory expression may not be read in accord with his contention, writes in his points:

"All that is necessary in order to sustain this contention is to hold that the phrase 'With interest' modifies the earlier words 'assessment or amount imposed,' so that the meaning is with interest on the assessment or amount imposed."

The principle invoked is that the evident purpose of the act was to reimburse the city for its expenditure, and it is asserted that in no way can this be done save by such imposition of such interest. The scheme of the act was to provide in general for local improvements to be paid for in the first instance by the issue of city bonds at 4½ per cent. interest in series of not more than $50,000, a series being payable in each year after the lapse of five years, but the ultimate cost was to be assessed upon the lands benefited by the improvement. There is authority for the proposition that, when a municipality is authorized to borrow money to pay for a local improvement, it may include in its assessment the interest on the money so borrowed and so used. County Commissioners, Petitioners, 143 Mass. 424–433, 9 N. E. 756; Haverhill Bridge Proprietors v. County Commissioners, 103 Mass. 120, 4 Am. Rep. 518; Davis v. Newark, 54 N. J. Law, 144–146, 23 Atl. 276; State v. Inhabitants, etc., 39 N. J. Law, 656. But it does not appear that the assessors sought to apply that principle in this assessment. In other words, they did not attempt to add to the cost of the work such sum of money as represented the interest which the city would be required to pay at the rate of 4½ per cent. on so much of the proceeds as were directed to this particular improvement before that part of the bonds were payable by the city, less the amount of interest at 6 per cent. which the city might receive on any installments paid during the same period. To say the least, such an adjustment would be difficult.

"Taxes do not draw interest as do sums of money owing upon a

contract, but only when it is expressly given." Cooley on Taxation (3d Ed.) vol. 3, p. 20. And this principle has been applied, logically I think, to local assessments of this general character. Sargent v. Tuttle, 67 Conn. 167, 34 Atl. 1028, 32 L. R. A. 822, and authorities cited; State ex rel. Brennert, 47 N. J. Law, 75, and authorities cited. The legislative expression in this statute seems entirely clear. The words "with interest" are rendered to the preceding word "amount," and it is that sum which is the basis for the calculation of such interest. I can find no legislative intent to justify me in wrenching the words "with interest" from their present place, and in interpolating them in another part of the sentence in order to change their effect accordingly. Of course, there is the legislative intent that the city should be reimbursed in that the scheme is for assessment of the cost upon the property benefited. And the provision incident to the legislative concession to the property owner that he might pay his assessment by installments, but "with interest," tends also to reimburse the city. But if such provisions do not, according to the arithmetic of the city authorities, afford absolute and complete reimbursement, I know of no rule of construction that permits the court to legislate further to that end under the guise of statutory construction or interpretation. The Legislature plainly thought that interest on deferred payments at the legal rate was equivalent to present payment, and that, when the cost of the improvement was charged upon the lands and postponed payments thereof carried interest, the property owner would pay for the benefits. It might have done less, or possibly more, with an eye to reimbursement of the city, but the courts can only determine the measure of its doing.

But I am of opinion that mandamus cannot issue. The statute directed the assessors to assess an amount "with interest" upon the property. And it appears that the sum so assessed includes interest. The sum then is fixed as the result of a quasi judicial act (Dolan v. Mayor, etc., 62 N. Y. 472), and is returned to the collection officer on the assessment list as the assessment of the "entire cost" adjudged by the assessors. Therefore, when the court orders the receipt of a sum less than that amount and a discharge of the lien, it in effect thereby reduces the amount of the assessment. If the amount was erroneous for the reason that the interest charged was not the interest afforded by the statute, the assessment as laid is pro tanto erroneous, in that the assessors erred in their reading of the statute. The error is not the result of a mere clerical calculation, as if, e. g., the assessment had been determined without regard to interest, and the collector or some clerk had cast up the interest therefrom. It is one of substance, made by the assessors in their determination of the procedure of assessment and impost. I think, therefore, that the affirmative remedy of the relator in such a case as this is prescribed by title 3 of the Greater New York Charter, and more especially by section 959 thereof (Laws 1901, p. 403, c. 466). The trend of the decisions upon these and similar provisions relating to the city of New York is to hold that they afford the exclusive affirmative relief. In People ex rel. Martin v. Myers, 135 N. Y. 465, 32 N. E. 241, the court held, under like provisions of the consoli-

dation act, that the prohibition extended even to a writ of certiorari. See, too, Scudder v. Mayor, 146 N. Y. 245, 249, et seq., 40 N. E. 734; Matter of N. Y. C. & H. R. R. Co., 49 App. Div. 281, 63 N. Y. Supp. 52, affirmed 163 N. Y. 604, 57 N. E. 1119.

The order must be reversed, but without costs, and the motion for the writ be denied, without costs. All concur.